IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. BRIAN D. FOOS Defendant. | CR 09-140-BLG-RFC <br><br> ORDER |
|---|---|

Defendant has been charged with Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d), for allegedly possessing a sawed-off shotgun. Defendant has filed a motion to suppress, arguing that the entry and search of Amber Peterson's apartment located at 1225 Lake Elmo Road #B304, Billings, MT was done without a search warrant and was a violation of the Fourth Amendment of the United States Constitution.

-1-

## BACKGROUND FACTS

On August 21, 2009, members of the Eastern Montana HIDTA Unit, the FBI Big Sky Safe Streets Task Force and the United States Marshals Service's Montana Violent Offender Task force executed an arrest warrant for David Orr due to his connection with a shooting a few days prior. Law enforcement also sought Orr's girlfriend, Samantha Simmons, for questioning because they believed her to be a witness.

During the search for Orr, task force officers developed a Confidential Informant (CI) by the name of Amber Peterson. Amber said she would attempt to locate Orr and then call them. On August 21, Amber made contact with Task Force Officer Steve Swanson and advised that Orr was at her residence at 1225 Lake Elmo Road #B304. Amber advised that Orr was sleeping in a bedroom. Amber requested that when the officers came in her apartment to get Orr that they "take her down" as well, to help conceal her involvement in his apprehension.

Swanson was able to obtain a key from the apartment manager to avoid the necessity of destroying the door during entry. Using the key, Swanson and the team made entry. Amber was in the kitchen with her young son. Officers found Orr, his girlfriend Samantha Simmons, and Foos in a bedroom. When Swanson made contact with the three, he asked if there were any weapons on them or in the room.

Foos replied that he had a shotgun underneath the backpack on which Orr was lying. Swanson retrieved the shotgun, unloaded it, and placed it out of the way.

## ANALYSIS

A warrantless search is unconstitutional unless the government demonstrates that it "fall[s] within certain established and well-defined exceptions to the warrant clause." *United States v. Murphy*, 516 F.3d 1117, 1120 (9th Cir.2008) (quoting *United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1298 (9th Cir.1988)). Consent constitutes one such exception: "[A warrantless] search conducted pursuant to a valid consent is constitutionally permissible." *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The government bears the burden of proving that consent was voluntary. *U.S. v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004). Whether consent to search was voluntarily given is "to be determined from the totality of all the circumstances." *Schneckloth*, 412 U.S. at 227, 93 S.Ct. 2041. There are five factors to be considered in determining voluntariness:

> (1) whether the [consenting individual] was in custody; (2) whether the arresting officers had their guns drawn; (3) whether Miranda warnings were given; (4) whether the [consenting individual] was notified that she had a right not to consent; and (5) whether the [consenting individual] had been told a search warrant could be obtained.

*United States v. Jones*, 286 F.3d 1146, 1152 (9th Cir.2002) (citing *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir.1989)).  These factors serve merely as guideposts, "not [as] a mechanized formula to resolve the voluntariness inquiry." *Patayan Soriano*, 361 F.3d at 502.  Moreover, no one factor is determinative.  *Id.*

In this case there does not appear to be an issue with regard to voluntariness.  Because the entry of law enforcement was clearly authorized by the apartment's tenant as part of the investigation to apprehend Orr, the exception to the warrant requirement has been met.  Defendant's Motion to Suppress is **DENIED**.

DATED this 27th day of May, 2010.

                                          _/s/ Richard F. Cebull_____
                                          RICHARD F. CEBULL
                                          U.S. DISTRICT COURT JUDGE